UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREGORY C MALLETT,

           Plaintiff,

      v.

LABOR AND INDUSTRY REVIEW COMMISSION,
WORK INJURY SUPPLEMENT BENEFITS FUND and
BRIGGS & STRATTON CORPORATION,

           Defendants.

Case No. 25-cv-1388-bhl

---

## SCREENING ORDER

---

On September 10, 2025, Gregory Mallet, proceeding without an attorney, filed a complaint alleging that his former employer, Briggs & Stratton Corporation (Briggs), along with the Wisconsin Labor and Industry Review Commission (LIRC) and the Wisconsin Work Injury Supplement [sic] Benefits Fund (WISBF), violated his due process and equal protection rights during the lengthy adjudications of his multiple efforts to secure worker's compensation benefits. (ECF No. 1.) Mallett has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP), and a motion for appointment of counsel. (ECF Nos. 2 & 3.) The matter is before the Court for consideration of Mallett's IFP motion and his motion for appointment of counsel, and for the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Mallett's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 2.). He represents that his monthly gross wages are $3,600, and that he receives $996 per month in social security payments. (ECF No. 2 at 1.) He reports $700 in monthly household expenses, $490 per month in credit card payments, $2,200 per month in 401(k) contributions, and $300 per month property tax payments. (Id. at 2–3.) He reports owning a home

with an approximate value of $164,000, an automobile worth $3,600, approximately $21,000 in his 401(k) fund, and $11,000 in stocks. (*Id.* at 3–4.)

While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Mallett's monthly income puts him outside the "truly impoverished" litigants for whom IFP status is intended.

## MOTION TO APPOINT COUNSEL

Mallett asks the Court appoint counsel to represent him. As an initial matter, Mallett has no right to *appointed* counsel in a civil case. *See Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). At most, the Court has discretion to try to *recruit* a volunteer lawyer to help him pursue his civil lawsuit, but only if he shows he cannot afford to hire counsel. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray*, 706 F.3d at 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Mallett does not assert that he has made any attempt to find counsel on his own. His motion could be denied on this basis alone. In addition, Mallett's income, as described in his IFP application, indicates that he is not indigent within the meaning of the IFP statute. (ECF No. 2.) For both reasons, the Court will deny Mallett's motion for appointment of counsel.

## ALLEGATIONS

Mallett's allegations relate to prior state court adjudications of his efforts to secure worker's compensation benefits for injuries he sustained more than forty years ago. He alleges he sustained work related injuries while employed by Briggs & Stratton in 1981, 1983, and 1984. (ECF No. 1 ¶7.) Mallet brought multiple worker's compensation claims for these injuries at the

time they occurred, but his claims were rejected by administrative law judges (ALJs) and these rejections were affirmed on appeal to the LIRC. (ECF No. 1-1 ¶3.) Mallett sought judicial review of the LIRC decisions in state court, but the courts also rejected his claims and affirmed the LIRC's orders. (*Id.* ¶4 (citing *Mallet v. LIRC*, No. 85-0929, unpublished slip op. at 1-2 (Wis. Ct. App. Jan. 10, 1986)).)

Mallett made further efforts to secured worker's compensation benefits in 1987 and 2007. (*Id.* ¶6.) On both occasions, ALJs rejected his claims, and the LIRC affirmed those rulings. (*Id.*) Mallett sought judicial review, but the state courts declined to grant him relief. (*Id.*)

Mallett then filed yet another worker's compensation claim in 2014. (*Id.* ¶10.) This claim alleged that his work from January to April 1984 had aggravated a spinal condition. (*Id.*) The ALJ denied this claim and the LIRC upheld the ruling for multiple reasons. (*Id.* ¶11.) This time, Mallett was partially successful in obtaining judicial review, and the circuit court remanded his case back to the LIRC "'for additional findings regarding the sufficiency of Mallet[t]'s medical evidence relating to his work exposures from January to April 1984[.]'" (*Id.* ¶12.)

On remand, the parties elected to conduct a review of the record from the previous hearing. (*Id.* ¶13.) At rehearing, the LIRC again denied Mallett's claim and Mallett again sought judicial review of the LIRC's decision. (*Id.* ¶¶14–15.) This time, tThe circuit court and Wisconsin Court of Appeals affirmed the LIRC's decision. (*Id.* ¶¶19–23.) On appeal, Mallett challenged the LIRC's findings of fact, asserted that the LIRC perpetuated fraud by omitting documents from the record, and argued that a purported conflict of interest (the Wisconsin Department of Justice representing both the LIRC and the WISBF as respondents) violated his due process rights. (*Id.* ¶¶18–22, 23.) Mallett's arguments were all rejected by the Wisconsin Court of Appeals on June 28, 2022. (*Id.* ¶¶18–24.) The Wisconsin Supreme Court declined to hear his case on October 11, 2022. (*Id.* at 1.)

**SCREENING THE COMPLAINT**

The IFP statute requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward.

In screening a pro se complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Mallett's complaint includes few specific factual allegations relating to the actions of each defendant. Instead, he attaches copies of the Wisconsin Court of Appeals opinion affirming the LIRC and the Milwaukee County Circuit Court's decision denying his claim. This effort improperly puts the onus on the Court and Defendants to ferret out the specifics of his claim; it is the plaintiff's duty, not the Court's or his adversary's, to provide notice of the basis for his claims. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 570. The Court will nevertheless consider the attached documents as a means of understanding his claims. *Williamson v. Curran*, 714 F.3d 432, 345–36 (7th Cir. 2013); Fed. R. Civ. P. 10(c). As explained below, even with the benefit of a generous reading of the factual matter in those attachments, Mallet's complaint fails to state a claim.

Mallett's claims fail first because they are time barred. Mallett invokes 42 U.S.C. §1983 to assert constitutional violations against Defendants. While the statute does not contain its own specific statute of limitations, the timeliness of a Section 1983 claim is governed by the relevant statute of limitations for personal injury torts in the state where the case is filed. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Wisconsin, that statute of limitations is now three years from the injury to the person. Wis. Stat. §893.53. ("An action to recover damages from an injury to the character or rights of another, not arising on contract, shall be commenced within 3 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred.") Previously, the relevant statute of limitations was six years. *See* 2017 Wisconsin Act 235 §26. Claims that accrued before April 5, 2018, are subject to the six-year statute of limitations, while all claims that accrue later would be subject to a three-year statute of limitations.

Mallett filed his complaint on September 10, 2025, after the statute of limitations had passed. The Wisconsin Court of Appeals adjudicated his worker's' compensation claim on June 28, 2022. His lawsuit alleges that the LIRC somehow violated his constitutional rights during the review process for his most recent claim. (ECF No. 1.) While Mallett does not identify any specific conduct that occurred on any specific date, it necessarily occurred before the Wisconsin Appellate Court's June 28, 2022, decision and probably much earlier. His claim thus accrued more than three years before he filed suit, and any claim is therefore time barred.

Even if his claims were not time barred, however, they would still fail as a matter of law. By his own allegations, Mallett has already litigated his claim in prior state administrative proceedings and through judicial review of those proceedings in state court. (*See* ECF No. 1-1.) He cannot challenge those rulings in federal court. "State administrative findings that have been subjected to state judicial review are entitled to both claim and issue preclusive effect in federal courts." *Staats v. Cnty. of Sawyer*, 220 F.3d 511, 514 (7th Cir. 2000) (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82 n.22 (1982)). The Wisconsin Court of Appeals explicitly rejected his claims already, and they cannot be brought now in this Court. (ECF No. 1-1 ¶¶18–23.)

The Complaint would also fail for other reasons. Mallett does not assert any facts showing how his employer, a private company, could be considered a state actor for the purposes of Section 1983. Similarly, Mallett alleges no fact connecting the WISBF to his alleged injury with particularity. (ECF No. 1 ¶5.) Mallett may not proceed on claims for damages against the WISBF

and the LIRC because, as state administrative agencies, they are not "persons" for the purpose of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Mallet also sought injunctive relief and a declaratory judgment in relation to his claims against the LIRC and WISBF, (ECF No. 1 at 4), but as described above, those claims are time barred.

## CONCLUSION

Because Mallett's complaint does not state a claim against any of the defendants, it will be dismissed. The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend his complaint, unless it is certain that amendment would be futile or otherwise unwarranted. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Because the problems with Mallett's claims cannot be fixed by amendment, the Court will not afford him this opportunity and will instead dismiss this case with prejudice. Any attempt to amend would be futile.

## CONCLUSION

For the reasons state above,

**IT IS HEREBY ORDERED** that Mallett's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Mallett's Motion for Appointment of Counsel, ECF No. 3, is **DENIED**.

**IT IS FURTHER ORDERED** that Mallett's Complaint, ECF No. 1, is **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin on October 7, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge