GREGORY C. MALLETT,

      Plaintiff,

                                  Case No. 25-cv-1388-bhl

      v.

LABOR AND INDUSTRY REVIEW COMMISSION,
WORK INJURY SUPPLEMENT BENEFITS FUND and
BRIGGS & STRATTON CORPORATION,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

On September 10, 2025, Plaintiff Gregory Mallett filed a complaint, a motion for leave to proceed *in forma pauperis* (IFP), and a motion for appointment of counsel. (ECF Nos. 1–3.) On October 7, 2025, the Court denied his motion to proceed IFP, denied his motion to appoint counsel, and dismissed his complaint without leave to amend because his claims were time barred. (ECF No. 6.) On October 31, 2025, Mallett filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 8.) Because Mallett has not identified a manifest error of law or fact and has no new evidence to present that he could not have presented earlier, he is not entitled to relief under Rule 59(e). The Court will deny Mallett's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of judgment. Motions for reconsideration serve a limited purpose; they exist only to correct manifest errors of law or fact or present newly discovered evidence. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Manifest errors of law refer to the disregard, misapplication, or misidentification of controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). To succeed, the movant must present newly discovered evidence not previously available or identify evidence in the record that clearly establishes a manifest error of law or fact. *Miller v. Safeco Ins.*

*Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Parties may not advance new arguments or theories that they should have made before the Court rendered a judgment, or present evidence that was available earlier. *Id.* (citing *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

## ANALYSIS

This case arises from Mallett's state court litigation regarding alleged workplace injuries he sustained in the 1980s. (ECF No. 6 at 2–3.) The issues Mallet raises in his motion do not warrant reconsideration of the Court's decision to dismiss his complaint at screening.

First, Mallet argues his 42 U.S.C. §1983 claims are not time barred because he first had to exhaust his claims in state court, and the statute of limitations did not begin to run until after the Wisconsin Supreme Court denied his petition for review on October 11, 2022. (ECF No. 8 at 1.) He cites *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), in support of the proposition that a Section 1983 claim does not accrue until all available state judicial remedies are exhausted. This is simply wrong; *Heck* specifies instead that there is *no* exhaustion requirement under Section 1983. *Id.* ("We do not engraft an exhaustion requirement upon §1983 . . . .").

Second, Mallett argues that he could serve the proper defendants, the Labor & Industry Review Commissioners, rather than the Labor & Industry Review Commission (LIRC) and Work Injury Supplemental Benefit Fund (WISBF) itself. (ECF No. 8 at 2.) This is immaterial, because his claims would still be untimely. (*See* ECF No. 6 at 5.)

Third, Mallett argues that the Court "failed to consider the constitutional implications" of two Wisconsin statutes that "require the Wisconsin Department of Justice to represent both the adjudicator (LIRC) and respondent (WISBF) in adversarial proceedings." (ECF No. 8 at 2.) Mallett already raised this argument before the Wisconsin Court of Appeals—he even included that court's opinion in his complaint—and they rejected it. (ECF No. 1-1 ¶23.) The *Rooker-Feldman* doctrine precludes federal district courts from reviewing final state court civil judgments. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Federal district courts are not the venue for state court losers to retry their unsuccessful claims, or make arguments previously rejected by state courts. *See Exxon Mobil Corp.*, 544 U.S. at 284.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment, ECF No. 8, is **DENIED.**

Dated at Milwaukee, Wisconsin on May 5, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge